ISAAC B. ELLSWORTH *et al.*, Respondents, *v.* THE ÆTNA INSURANCE COMPANY, Appellant.

*Court of Appeals, March* 25, 1887.

Affirming same case, 37 Hun, 638, Mem.

*Evidence. Best possible.*—Where in an action upon a policy of insurance on a stock of goods, the pass books, bills of purchase of goods, and other books save the inventory book which contained an inventory taken by plaintiff's vendors ten months before the fire, were destroyed by said fire, the plaintiffs were allowed nine years afterwards, in order to prove the value of goods burnt, to introduce in evidence the above mentioned inventory which they assisted in making, and also the footings of an inventory, made by themselves a few days before the fire, entered in pass-books and transferred to said inventory book, which footings were authenticated by the testimony of both of the plaintiff's as correct footings of the inventory contained in the pass-books, and as representing the cost of the goods; and the court of appeals held that the rules of evidence were not violated.

Appeal from an order and a judgment of the general term of the supreme court, affirming an order the special term denying a new trial.

*James M. Humphrey*, for appellant.

*Joel L. Walker*, for respondents.

PER CURIAM.—The principal errors alleged relate to the admission in evidence against the objection of the defendant. *First*, of the inventory made in November, 1872, about ten months before the fire, on the sale made by Bennet & Bean to the plaintiff Isaac B. Ellsworth of the stock of goods and fixtures of Bennett & Bean; and *second*, of the footings of the inventory made by Ellsworth & Son, September 10, 1873, a few days before the fire, of the stock then on

hand.    The admissibility of this evidence is to be determined in view of the circumstances.    Upon the issues as found, it was incumbent upon the plaintiffs to show the amount and value of the goods burned.

The plaintiffs after the purchase from Bennett & Bean continued the business to the time of the fire, selling from the stock purchased of that firm, and from new stock pur-chased from time to time, which was mingled with the old stock.    The Bennett & Bean inventory was taken by the members of that firm, assisted by the plaintiffs and one Bowie, and was entered in a book, the articles being stated in detail, with the cost price.    The sale to Ellsworth was made, upon this inventory, for the net costs, $7,740,07. The book containing the inventory was delivered to and kept by the plaintiffs in the safe in the store.    The inven-tory of September 10, 1873, was entered in pass-books, the goods being classified, and the cost of each article in each class was given, and footings of the aggregate cost of each class were made.    These footings, aggregating $6,325.25, were transferred by the plaintiffs, and entered in the in-ventory book containing the Bennett & Bean inventory The pass books and the bills of purchase were kept in a desk, and were, with other books and papers, destroyed by the fire.    The inventory book kept in the safe was not burned.    The trial occurred nine years after the fire.    The plaintiffs were severally sworn as witnesses in their own behalf, and testified as to the particulars of the loss, so far as they could recall them.    It appeared from their testimony that many of the goods purchased of Bennett & Bean, and specified in the inventory of 1872, were in the stock at the time of the fire, and they enumerated a large number of articles bought of Bennett & Bean then on hand ; but they were unable to specify the exact quantities, or the exact cost from recollection.    The same is true as to the new goods.    Under these circumstances the court admitted the Bennett & Bean inventory in evidence as bearing upon the value of the classes

of goods embraced therein, which were in the stock and were burned at the time of the fire, and the court also admitted the footings of the inventory of September 10, 1873, to be read from the Bennett & Bean inventory book. The admission of the Bennett & Bean inventory was not, at the time it was admitted, restricted in terms to the purpose named, but it was so limited in the charge. We think both this inventory and the footings of the second inventory were properly admitted.

The plaintiffs labored under great embarrassment in making out their case owing to the burning of papers and memoranda, and the lapse of time, and seem to have given the best evidence bearing upon the issue at their command. The Bennett & Bean inventory showed what goods were purchased by Ellsworth, and their cost to Bennett & Bean, and also the prices paid by Ellsworth,—matters as to which the plaintiffs had no certain specific recollection. The price paid ten months before the fire for goods burned was some evidence of their value at the time of the fire. The footings of the inventory of September 10, 1873, were authenticated by the testimony of both the plaintiffs as correct footings of the inventory contained in the pass-books, and that they testified that they represented the cost of the goods. It is true that the evidence, as to the quality or value of the goods burned, was not very satisfactory, and the jury, as their verdict indicates, were of this opinion. But we think the rules of evidence were not violated.

There are no other questions requiring special notice.

The order appealed from should be affirmed.

All concur.