JOSEPH C. COHEN, Appellant, *v.* SUN INSURANCE OFFICE, Respondent.

Evidence — books of account — action to recover upon a fire insurance policy — erroneous refusal to allow plaintiff to refresh his recollection of items from stock book.

In an action to recover upon a fire insurance policy plaintiff, who testified that most of his books of account were destroyed by fire, and that he could not remember the details of his stock, was not allowed to refresh his recollection from his stock book, memorandum of sales previous to the trial or from an inventory taken before the fire, nor to state approximately quantities of the various items on hand at the time of the loss, the object of the excluded evidence being to establish approximately the stock on hand at the date of the fire, which occurred in April, by working from the inventory of the stock on hand in the previous January as a basis, adding thereto purchases up to the time of the fire and deducting therefrom the amount of the sales. *Held,* error.

*Cohen* v. *Sun Ins. Office,* 128 App. Div. 925, reversed.

(Submitted February 16, 1910; decided March 15, 1910.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered November 12, 1908, affirming a judgment in favor of defendant entered upon a verdict and an order denying a motion for a new trial.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Henry Fluegelman* and *Joseph Fischer* for appellant.    The court erred in excluding the evidence of plaintiff, based upon his books of account, tending to show the value of merchandise insured and the amount of his loss.    (*Ellsworth* v. *Ætna Ins. Co.*, 105 N. Y. 624; *Wallach* v. *C. F. Ins. Co.*, 12 Daly, 387; 98 N. Y. 634; *Sherlock* v. *G. A. Ins. Co.*, 21 App. Div. 18; 162 N. Y. 656; *St. P. F. & M. Ins. Co.* v. *Gotthelf*, 35 Neb. 351, 356; *Ins. Co.* v. *Amsbaugh*, 8 Kans. App. 197; *Lumber Exchange* v. *Ins. Co.*, 183 Penn. St. 366; *A. Ins. Co.* v. *O'Hanlon*, 1 Walker [Penn.], 359; *S. U. Ins. Co.* v. *Stubbs*, 98 Ga. 754.)

*Edgar J. Nathan* for respondent.    The conclusions from plaintiff's incomplete and unauthenticated books of account were properly excluded.    (*Ellsworth* v. *Ætna Ins. Co.*, 105 N. Y. 624; *Russell* v. *H. R. R. R. Co.*, 17 N. Y. 134; *N. U. Bank* v. *Madden*, 114 N. Y. 280; *People* v. *McLaughlin*, 150 N. Y. 365; *Howard* v. *McDonough*, 77 N. Y. 592; *McCarthy* v. *Meaney*, 183 N. Y. 190; *V. & M. R. R. Co.* v. *O'Brien*, 119 U. S. 99; *Ins. Co.* v. *Weides*, 9 Wall. 677; *Bates* v. *Preble*, 151 U. S. 149; *Gans* v. *Wormser*, 83 App. Div. 505; *Rathbone* v. *Hatch*, 90 App. Div. 151.)

CULLEN, Ch. J.    The action was brought to recover on a policy of fire insurance.    The answer put in issue the amount of the loss and charged that the same was fraudulently exaggerated with intent to deceive the defendant and to obtain from it a greater sum than was due under the policy. The plaintiff was a dealer in dental supplies, consisting of false teeth, gold and numerous other articles.    On the trial he testified that the most of his books of account were destroyed by the fire, which occurred April 25th, 1905.    He had, however, preserved in the safe an inventory of the stock on hand on January 1st of that year.    He had obtained

duplicate bills of his purchases between that date and the time of the fire. He had a memorandum of his sales during the months of January, February and March and the sales ledger showing charged sales to the time of the fire. He testified that he could not remember the details of the stock lost by fire without refreshing his recollection, nor of the stock on hand on January 1st without similar aid. He was asked to refresh his recollection by looking at the stock book of January 1st and state the items of goods then on hand. This was objected to and the evidence excluded over plaintiff's exception. He was also asked to refresh his memory and state the total amount of his stock at that date, which was also excluded under exception. He was asked by the court whether he could approximate the quantities of the various items on hand at the time of the loss. He testified he was unable to do so because of their number; that the nearest date when he had the specific items of stock entered in his books was January 1st. The object of the excluded evidence was to establish approximately the stock on hand at the time of the fire by working from the inventory of January 1st as a basis, adding thereto purchases up to the time of the fire and deducting therefrom the amount of the sales. We think it was competent for the plaintiff to prove his loss in this manner. (*Ellsworth* v. *Ætna Ins. Co.*, 105 N. Y. 624.) Of course, the result so obtained would not be conclusive, but its accuracy would be for the jury to determine. Proofs of loss had been submitted by the plaintiff to the defendant, and it was on the statements therein made that the defense of fraud was based. The plaintiff was asked on the trial to state in what manner he computed his loss showing the amounts and value of the stock destroyed by fire. This evidence was excluded over the plaintiff's exception. We think this ruling was also error. Even if the method of computation adopted by the plaintiff was wrong, the plaintiff was entitled to state what it was, because on the issue of fraud the fact that the method was erroneous did not necessarily establish that it was fraudulent, and the jury could not determine

whether the plaintiff's claim was made in good faith unless it heard how the claim was made up. While we are inclined to overlook errors in rulings on evidence which, probably, do not affect the result of the trial, the errors pointed out in this case were vital in their character.

The judgment should be reversed and new trial granted, costs to abide the event.

Gray, Edward T. Bartlett, Haight, Vann, Werner and Hiscock, JJ., concur.

Judgment reversed, etc.